IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

Daniel Duncan
31308 Schneider Road
Hanoverton, OH 44423

    Plaintiff

v.

George E. Rodgers, Jr.
11817 Bishop's Content Road
Mitchellville, Maryland 20716

RBS Maryland, LLC
1535 Antelope Lane
Capitol Heights, Maryland 20743

Rodgers Brothers Custodial Service, Inc.
1535 Antelope Lane
Capitol Heights, Maryland 20743

    Defendants

Case No. _____
JURY TRIAL REQUESTED

# COMPLAINT FOR
# UNPAID OVERTIME WAGES

Plaintiff, Mr. Daniel Duncan, through undersigned counsel, states a complaint against Defendants George E. Rodgers, Jr., RBS Maryland, LLC, and Rodgers Brothers Custodial Service, Inc., ("Defendants"), who together are individually and jointly liable as a single enterprise pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

## Introduction, Venue, and Jurisdiction

1. This is a lawsuit brought by a single Plaintiff who worked for George E. Rodgers at his business locations in Maryland, the District of Columbia, and Virginia, which upon information and belief, trade as "Rodgers Brothers Service, Inc." but are incorporated as Rodgers Brothers Custodial Services, Inc. and RBS Maryland, LLC. Plaintiff alleges that the Defendants willfully violated very clear and well-established overtime provisions of the FLSA and MWHL, and that there is no genuine bona fide dispute as to the right of the Plaintiff to receive overtime wages.

2. In addition to actual sums owed, Plaintiff seeks liquidated and/or statutory enhancement damages pursuant to the FLSA, MWHL and the MWPCL, along with attorneys' fees and costs as provided under the FLSA, MWHL, and the MWPCL. Plaintiff is a resident of the State of Ohio.

3. The corporate Defendants, Rodgers Brothers Custodial Services, Inc. and RBS Maryland, LLC are, upon information and belief, operated by Mr. George E. Rodgers Jr. (the "individual Defendant") and do business throughout the Metropolitan D.C. area, but have a location at 1535 Antelope Lane, Capitol Heights, Maryland 20743. The corporate Defendants do not maintain any corporate formalities. Plaintiff performed work in Maryland, and Defendant Rodgers does business in and resides in Maryland. Accordingly, venue is proper.

4. Plaintiff worked for Defendants performing a number of functions, from welding to light mechanical work to operating heavy equipment.

5. Plaintiff worked from early October 2015 until December 5, 2016.

6. On average, Plaintiff worked 55-60 hours per week.

7. Plaintiff was paid in cash, which at first was $15/hour but was then reduced to $14/hour.

8. Plaintiff was paid "straight" wages, meaning he was not paid the half-time premium when he worked over forty (40) hours in a workweek.

9. At all times material herein, the Defendants, in the aggregate, had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

10. Upon information and belief, the individual Defendant, George E. Rodgers, Jr., is a co-owner and officer of Defendants RBS Maryland, LLC and Rodgers Brothers Custodial Service, Inc. The individual Defendant handles all management duties, including bookkeeping and scheduling functions. The individual Defendant supervises the administration of the business, including the scheduling of employees and upon information and belief, and negotiates and set the wages for work. Upon information and belief, the individual Defendant receives wages and dividends from the corporate Defendants. The individual Defendant has actively engaged in the management and direction of employees, including the Plaintiff, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees of the corporate Defendants, including the Plaintiff. The individual Defendant played an integral role in, and had knowledgeable of, the pay practices of the corporate Defendants. At all times material herein, the individual Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, LE art. 3-401(b), and the MWPCL, Md. Ann. Code, LE art. 3-501(b), and thus, the individual Defendant is jointly and individually liable under the FLSA, MWHL, and MWPCL for damages to the Plaintiff.

11. As they both provide a central purpose and a commonality in their combined operations, Defendants RBS Maryland, LLC and Rodgers Brothers Custodial Service, Inc., together with the individual Defendant, constitutes a single enterprise and a joint employer, having at least two or more employees who are engaged in commerce, produce goods for commerce, or

handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce. For instance, there are two or more employees of the Defendants who order, purchase, and use office supplies and tools from producers and suppliers who operate in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiff is employed by the Defendants, a single covered enterprise, which satisfies the enterprise coverage provisions under the FLSA. As a single enterprise, Defendants have been at all times material herein an "employer" within the meaning of the FLSA.

12  This Court has subject matter jurisdiction to hear these FLSA claims. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

## Factual Allegations

13. For purposes of Plaintiff's FLSA and MWHL claims, and at all times relevant to the events alleged in this complaint, the Plaintiff was an employee of the Defendants.

14. From early October 2015 until December 5, 2016, the Plaintiff worked for Defendants and provided basic labor at an hourly rate.

15. Plaintiff was not exempt under the overtime requirements of the FLSA and MWHL.

16. Plaintiff routinely worked in excess of a forty hour workweek, sometimes as many as 55 hour or more per week, without additional pay for his overtime hours.

17. The Defendants have violated the FLSA and MWHL by failing to pay the Plaintiff pay 1 ½ times his hourly wage when he worked over 40 hours in a statutory workweek.

## Causes of Action

### COUNT I
### (FLSA - Failure to Properly Pay Overtime)
### (All Defendants)

18. Plaintiff incorporates paragraphs 1-17 as set forth above, and pleads and states that Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants - at all times during the Plaintiff's employment - have failed and otherwise refused to compensate Plaintiff at a proper overtime rate, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiff's regular rates of pay, as required by Federal law and applicable Federal regulations.

### COUNT II
### (Maryland Wage/Hour Law - Failure to Pay Overtime)
### (All Defendants)

19. Plaintiff incorporates paragraphs 1-18 as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-415, because Defendants failed to pay the Plaintiff an overtime wage of at least 1 ½ times the applicable minimum wage, for certain statutory work weeks in which Plaintiff's hours exceeded forty (40) hours, and as a result, Plaintiff has failed to receive overtime pay, as required by Md. Ann. Code LE art. § 3-415.

### COUNT III
### (Violation of MWPCL Act – Unpaid Wages)
### (All Defendants)

20. Plaintiff incorporates paragraphs 1-19 as set forth above, and state that the actions of Defendants, in refusing to pay wages free and clear that are due without coercion and intimidation, is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

21. That the MWHL further compels each covered employer and non-exempt employee to

make, as part of any working agreement, a promise to pay minimum wage and overtime as applicable under the MWHL.

22. That impliedly, by operation of law, Plaintiff was entitled to be paid statutory minimum wages and minimum overtime wages by Defendants, which have not been paid during the course of Plaintiff's employment with Defendants.

23. That there are no bona fide disputes between the parties as to the right of the Plaintiff to be paid all lawful wages due arising from his respective employment with Defendants. Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiff performed work as an employee for which he was not properly compensated.

24. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages, that have gone unpaid.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiff all unpaid overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime premiums awarded to Plaintiff pursuant to the FLSA and MWHL;

(b) Order Defendants to pay the Plaintiff an amount equal to triple the amount of unpaid overtime wages owed Plaintiff under the MWHL, after an accounting has been performed, as Plaintiff are entitled to such damages under MWPCL;

(c) Award Plaintiff his attorneys' fees and costs in pursuing this action;

(d) Award Plaintiff interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)

February 16, 2017

## Jury Demand

The Plaintiff, by his attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.